# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ROY LEE SMITH                                                                                    PLAINTIFF

V.                          NO. 4:17-CV-00592-SWW-JTR

BRIAN S. MILLER, United
States District Judge; PATRICIA
HARRIS, United States Magistrate Judge                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Introduction

Plaintiff, Roy Lee Smith ("Smith"), is a prisoner in the Arkansas Department of Correction. He has filed this *pro se* Petition for Declaratory relief requesting a declaration that United States District Judge Brian S. Miller and United States Magistrate Judge Patricia Harris violated his rights to due process by denying him federal habeas relief in *Smith v. Kelley*, Eastern District of Arkansas Case No. 5:15-

CV-00234 ("*Smith v. Kelley*").[1]  Doc. 1.  More specifically, Smith alleges that Defendants erred in applying *Stone v. Powell*[2] "to systematically refuse to consider" his Fourth Amendment claim on federal habeas review, and he requests that this Court declare that the rejection of his first federal habeas claim was unlawful.[3]

Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice.[4]

---

[1] A review of the district court docket in *Smith v. Kelley* reveals that Smith fully litigated his 28 U.S.C. § 2254 habeas action.  On March 25, 2016, Judge Miller entered an Order adopting the Recommended Disposition of Magistrate Judge Harris and a Judgment dismissing Smith's § 2254 Petition with prejudice.  *Smith v. Kelley*, Docs. 28 & 29.  Smith appealed.  On October 19, 2016, the Eighth Circuit Court of Appeals denied Smith's application for a certificate of appealability.  *Id., Doc. 41*.  Smith filed a petition for writ of certiorari in the United States Supreme Court, which was denied.  *Id.*, *Doc. 45*.

[2] 428 U.S. 465, 96 S.Ct. 3037 (1976).

[3] On its face, Smith's claim for declaratory relief is frivolous and without merit.  *If* Smith had alleged a non-frivolous claim against Chief Judge Miller and Judge Harris, the Court would have been required to give serious consideration to recusal from this action to avoid any appearance of impropriety.  *See* 28 U.S.C. § 455(a) (a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned").  However, "[t]he trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States*, 441 F.3d 44, 67 (1st Cir.2006) (citations omitted).

[4] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

## II. Discussion

### A. Absolute Immunity

First, judges are entitled to absolute immunity from lawsuits arising from their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Smith's claims against Defendants arise from their judicial functions. Thus, those claims must be dismissed, with prejudice, because Defendants are entitled to absolute immunity. However, a dismissal based on absolute immunity is not a strike, as defined by 28 U.S.C. § 1915(g). *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014).

### B. Failure to State a Claim

Second, this case must also be dismissed because Smith has failed to state a claim upon which relief may be granted. Rather than seeking permission to attack his state conviction directly, through a successive habeas, Smith invokes the Declaratory Judgment Act, 28 U.S.C. § 2201, ("DJA"), and seeks to accomplish indirectly what he is prohibited from doing directly – having another federal district court take another look at the merits of the § 2254 claim he raised and lost in *Smith v. Kelley*.[5]

---

[5] If Smith's request for declaratory relief were construed as a successive petition for writ of habeas corpus under 28 U.S.C. § 2254, this Court would lack jurisdiction to consider it absent authority to do so from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b). There is no indication that Smith has sought, or been granted, permission from the Eighth Circuit Court of Appeals to file a successive habeas petition.

Under well-established law, Smith has failed to state a cognizable DJA claim. *Gajewski v. United States*, 368 F.2d 533, 534 (8th Cir. 1966) ("we are unaware of any authority which would permit the federal declaratory judgment statute, 28 U.S.C.A § 2201 ... to be used as a post-conviction remedy"), *cert. denied*, 386 U.S. 913 (1967); *Waldon v. State of Iowa,* 323 F.2d 852, 853 (8th Cir. 1963) (providing a "state prisoner is not entitled to seek a declaratory determination from the federal courts under 28 U.S.C.A. § 2201 as to the validity of the judgment on which he is confined" in order to circumvent the exhaustion requirement of § 2254); *Sumpter v. Johnson,* No. 4:01–CV–157–E, 2001 WL 406229, at *1 (N.D. Tex. Apr.18, 2001) (finding declaratory judgment act cannot be used as a substitute for habeas corpus).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITH PREJUDICE, because Defendants are entitled to absolute immunity.

2. Dismissal count as a "STRIKE," as defined by 28 U.S.C. § 1915(g) because Plaintiff Smith has also failed to state a claim upon which relief may be granted.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

DATED this 2nd day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE